# EXHIBIT B

# John B. Ennis
*Attorney at Law*
**1200 Reservoir Avenue
Cranston, Rhode Island 02920**

Tel. (401) 943-9230                                        Fax (401) 679-0035
May 1, 2020

Mr. John A. Murphy
City Collector
25 Dorrance Street
Providence, RI 02903

Re: Shawn Tran and Helen Tran 34 Calhoun Avenue
Luis Castillo and TL Equities, LLC   523 Prairie Avenue
Providence Tax Sale May 14, 2020

Dear Mr. Murphy:

I have been advised by numerous taxpayers who received notices of the May 14, 2020 tax sale to be conducted by the City of Providence. In particular, I am writing on behalf of taxpayers and homeowners Shawn Tran and Helen Tran of 34 Calhoun Avenue and business owner Luis Castillo and TL Equities, LLC, owners of 523 Prairie Avenue. As you know, the statutorily required notices of sale must be mailed to the tax payers 90 and 40 days prior to the sale date. Pursuant to R.I.G.L § 44-9-10, the sale notice, by mail and by advertising, must provide the following information:

Before the sale, the collector **shall give notice of the time and place of sale** posted in two (2) or more public places in the city or town at least three (3) weeks before the time of the sale. The collector shall also cause to be published in some public newspaper published in the city or town, if there is one, and if there is no public newspaper published in the city or town, then in some public newspaper published in the county, **a statement concerning the time and place of sale**, the real estate liable for payment of taxes, and the name of the person against whom the real estate was assessed, with a list of the parcel or parcels to be offered for sale by the recorded plat and lot number, or by assessors' plat and lot number, or by other adequate description. The newspaper notice giving this full description shall be inserted, once, at least three (3) weeks prior to the date of the advertised sale, and thereafter a weekly formal legal notice, between the date of original advertisement and the time of sale specified in the

notice, shall be inserted, stating that **the collector will sell at public auction** the real estate advertised. The subsequent formal legal notice shall include reference to the original advertisement, which gave a full description. Whenever an advertised tax sale is continued or postponed, a formal legal notice giving the new date shall be inserted at least one week prior to the new date. Any notice of sale shall inform any party entitled to notice of its right of redemption and shall explain to such party the manner in which said right shall be exercised and inform said party of the penalties and forfeiture that may occur if the right of redemption is not exercised. (emphasis added).

This statute specifically requires the actual **place of the public sale** to be provided in the advertisement and in the Notice to the Taxpayer. This statute thus sets forth the constitutionally required notice provisions for the Tax Collector to sell the property. R.I.G.L. §44-9-8 makes it clear that the sale for unpaid taxes can only occur at the time and place appointed for the sale:

If the taxes are not paid, the collector shall, **at the time and place appointed for the sale, sell by public auction** for the amount of the taxes, assessments, rates, liens, interest, and necessary intervening charges, the smallest undivided part of the land which will bring the amount, but not less than one percent (1%), or the whole for the amount if no person offers to take an undivided part. (emphasis added).

R.I.G.L. § 44-9-7 clearly mandates that the sale may occur only in the manner directed:

The collector may advertise and take, or sell any real estate liable for taxes **in the manner directed.** (emphasis added)

My clients have become aware and are significantly concerned that due to the pandemic and the Governor's Executive Order that there will be no public auction at the City Council Chambers as advertised. Instead, we understand that there will be an online bidding process with no public auction at the Council Chambers in contravention of the Tax Sale statute. Instead an online bidding process will occur through an online bidding platform, not available to the public. This private entity, CivicSource will conduct an online auction privately and without any ability for public presence.

Thus you are conducting a purported sale, which is neither a public auction and which is not being held in the City Council Chambers as advertised and noticed, contrary to law. My clients and all taxpayers will not be able to pay their taxes at the City Hall to avoid the sale. In the past taxpayers have paid their taxes by bank

check on the day of the public sale to avoid the loss of their property. That option does not exist for them anymore due to the closing of the City Hall.

This "sale process" violates state law, in allowing a private "platform" conduct a sale with no visual oversight at the City Council Chambers advertised. This sale is unconstitutional and violates due process of law, by allowing a private entity to sell property, silently and unobserved by the public.

Please confirm in writing by May 6, 2020. If I do not receive a response from you that this "sale" will be adjourned to a later day for a public sale in the City Council Chambers, I will seek injunctive relief in the United States District Court for the District of Rhode Island to enjoin this unconstitutional action.

Sincerely,

*/s/ John Ennis*

John B. Ennis

CC: Jeffrey Dana, Esq.
Council President Sabina Matos
Council Finance Chairman John J. Igliozzi