IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

SHAWN TRAN
HELEN TRAN
LUIS CASTILLO
INDIVIDUALLY AND ON BEHALF OF ALL
OTHER SIMILARLY SITUTATED PERSONS

        VS                              CA:20-cv-210

JAMES LOMBARDI AS TREASURER OF THE CITY OF PROVIDENCE,
AND JOHN MURPHY AS CITY COLLECTOR FOR THE CITY
OF PROVIDENCE
AND ARCHON INFORMATION SYSTEMS, LLC

## MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Plaintiffs, Shawn Tran, Helen Tran and Luis Castillo individually and on behalf of all other persons similarly situated, by and through counsel, move this Court as follows

1.     Plaintiffs, Shawn Tran and Helen Tran are natural persons and taxpayers residing in the City of Providence, State of Rhode Island.

2.     Plaintiffs Shawn Tran and Helen Tran ("Tran") are property owner of the property located at 34 Calhoun Avenue, Providence, Rhode Island, referenced by the City of Providence Tax Assessor as Plat 43 Lot 971.

3.     Tran owes the City of Providence real estate taxes in the amount of $5436.38 for this property.

4.     Plaintiff, Luis Castillo("Castillo") is a natural person and taxpayer residing in the City of Providence, State of Rhode Island.

5.Castillo is a property owner of the property located at 523 Prairie Avenue, Providence, Rhode Island, referenced by the City of Providence Tax Assessor as Plat 53 Lot 102.

6.Castillo owes the City of Providence real estate taxes in the amount of $7438.15 for this property.

7.Defendant John Murphy is the City Collector for the City of Providence.

8.Defendant James Lombardi is the Treasurer for the City of Providence.

9.Defendant, Archon Information Systems, LLC is a Delaware Limited Liability Company with an address of 2711 Centreville Road, Suite 400 Wilmington, Delaware, 19808.

10.The principal business address of Archon is 935 Gravier Street, Suite 1700, New Orleans, Louisiana 70112.

11.Plaintiffs and each member of the Class is a "property owner" and "taxpayer" of the City of Providence, as well as a person affected by a violation of the Constitution of the United States with standing to bring this action under 42 U.S.C. 1983.

12.Plaintiffs and each Class member are each obligated as taxpayers to pay property taxes to the City of Providence and are subject to statutory means of collecting taxes, including tax sale.

13. The Rhode Island General Assembly by legislation enabled the City of Providence Tax Collector to conduct public tax sales for past due real estate taxes owed by taxpayers and property owners pursuant to the provisions of R.I.G.L. § 44-9-1 to § 44-9-56.

14.The statutory scheme set forth in these statutes is the only method by which property can be sold at a public auction for past due property taxes.

15.In order to comply with the statutory scheme for a tax sale pursuant to the provisions of R.I.G.L. § 44-9-8, if the taxes are not paid, the collector, shall, at the time and place

appointed for the sale, sell by public auction for the amount of the taxes, assessments, rates, liens, interest, and necessary intervening charges, the smallest undivided part of the land which will bring the amount, but not less than one percent (1%) or the whole for the amount if no person offers to take an undivided part.

16. In order the comply with the statutory scheme, the Tax Collector must, pursuant to R.I.G.L. § 44-9-9 give notice of **a public auction** in two or more public places at least three weeks before the time of the sale and shall publish in a public newspaper a statement of the time and place of the auction at least three weeks before he the sale, stating that the collector will sell at public the auction the real estate sale.

17. In order to comply with the statutory scheme, the Tax Collector must, pursuant to R.I.G.L. § 44-9-10 provide a notice to all taxpayers and property owners who owe taxes and are included in the proposed public auction.

18. Said notice must be provided to the taxpayer no less than ninety days before the public sale by first class mail and again by certified mail forty days before the public sale.

19. The City Collector mailed the Notice of Public Sale to Plaintiffs and to all the taxpayers scheduled for the public auction at least ninety days before the sale by first class mail.

20. The City Collector mailed the Notice of Public Sale to Plaintiffs and to all the taxpayers scheduled for the public auction at least forty days before the sale by certified mail.

21. These notices advised Plaintiffs and all taxpayers that the unpaid real estate tax and interest in the name below as of December 31, 2018 will be offered for tax sale at public auction on May 14, 2020 and that: Said real estate will be advertised in the Providence Journal on Tuesday April 23, 2020, and your delinquent taxes will be sold at a public auction on

Thursday, May 14, 2020 at 10:00 A.M. Eastern Daylight Savings Time, in the Council Chambers, city Hall, Providence, Rhode Island.

22. The City Collector however decided on April 17, 2020, not to comply with the statutory scheme mandated by State law for a public tax Sale.

23. The City Collector advertised a computerized private sale in the Providence Journal on April 23, 2020, attached as Exhibit A.

24. This advertisement was not incompliance with the statutory scheme as it indicated that all bidding for property and the sale would occur online and not in the City Council Chambers.

25. This advertisement stated that the City Collector would sell 518 properties at public auction.

26. However no public auction is scheduled and the advertisement further stated, contrary to the statutory scheme, that the sale would occur on CIVICSOURCE.COM calendar, a private software and not in the City Council Chambers.

27. Without any notice to taxpayers the City Collector decided to cancel the public sale and hired a third party, Archon Information Systems, LLC ("Archon") to conduct an electronic non-public sale on May 14, 2020.

28. Archon possesses private technology referenced as CivicSource.

29. This private online sale by a Archon on its proprietary software program as scheduled by the City Collector is not in accordance with the statutory scheme for public tax sales of R.I.G.L. § 44-9-1 to § 44-9-56.

30. At a true public tax sale, upon a successful bid, the Plaintiffs and all taxpayers will owe the past due taxes plus 10% for the first six months after a public sale, the cost for recording and any fee charged by the municipality for the preparation of a redemption certificate.

31. If the taxpayers do not redeem within one year of a true public sale, they will face loss of the property in a Superior Court action to foreclosure their rights to redeem and will owe rent to the tax sale purchaser for any rents actually received on the property, regardless of any mortgage obligations.

32. Pursuant to the statutory scheme, set forth in R.I.G.L. § 44-9-19 and R.I.G.L. § 44-9-21, Plaintiffs and taxpayers have the right to redeem from the public tax sale within one year.

33. Without a public tax sale, the City Collector receives 12% annual interest on past due taxes.

34. However after the public tax sale, Plaintiffs and all the taxpayers whose property is sold at tax sale incurs extra interest due to 10% for the first six months, which is 4% more than if there were no sale.

35. The City Hall of Providence is closed to Plaintiffs and all taxpayers to make any payments to avoid their property being sold in the May 14, 2020 online private sale by Archon, contrary to the statutory scheme.

36. Plaintiffs and all taxpayers normally can pay past due taxes by cash at the City Hall to preclude their property being sold at a public sale up to and including the day of the public sale.

37. They cannot make a cash payment since the City Hall is closed for all purposes.

38. Plaintiffs and all taxpayers normally can pay past due taxes, electronically by electronic checks, with a $1.50 fee or by credit card with a 2.75% fee, on the City Collector Website for payment.

39. However there is no assurance that these payments will be processed due to the City Hall being closed and no employees available to receive, review and apply any payment.

40. Plaintiffs and all taxpayers must pay fees using this system to remove their property from the third party private computerized sale list.

41. The only method to pay past due taxes for Plaintiffs and all taxpayers is to drop of a bank check at a drop box at the City Hall with no receipt for this payment and no assurance that the City Collector will accept this payment and will remove the property from the third party private computerized sale list due to the closure of the City Hall and with no employees available to receive, review and apply any payments

42. Due to the uncertainties of the online payment system and the closure of City Hall, the Plaintiffs and all taxpayers will incur the cost of a Bank Check fee from their bank to pay any delinquent taxes to avoid a tax sale and loss of their property.

43. Depending on the bank which provides the Bank Check, the cost for Plaintiffs and all taxpayers for a Bank Check varies from $5.00 to $10.00.

44. The Plaintiffs' attorney mailed a letter to the City Collector on May 1, 2020 advising the City that this private sale ran contrary to the statutory scheme for legal tax sales and amounted to an unconstitutional action which would deprive Plaintiffs and all taxpayers of their property without due process of law.

45. A copy of this letter is attached as Exhibit B.

46. In this letter, Plaintiffs requested that the City adjourn the sale to a later date in the Council Chambers as required by law.

47. Pursuant to R.I.G.L.§ 44-9-9 the City would only have to run an advertisement one week before the adjourned sale and thus would not incur significant cost.

48. The City Collector however ignored this request.

49. He responded with a letter dated May 4, 2020 attached to this complaint as Exhibit C.

50. In this letter the City Collector indicated that the current pandemic precluded the tax sale from being conducted in public.

51. The Collector falsely stated in this letter that required notice in accordance with state law have been made to those affected.

52. He also stated in the letter that taxpayers could only remove their property from the tax sale if payments were made with certified check of credit card in hand by 4 PM on May 13.

53. On May 7, 2020, the City caused a new advertisement to be run in the Providence Journal, not in compliance with the statutory scheme for public tax sales.

54. A copy of this advertisement is attached as Exhibit D.

55. The statutory scheme of the Rhode Island Tax Sale statute does not provide for an advertisement such as Exhibit D.

56. The City Collector in this advertisement stated that the property would be sold at public auction to the highest bidder at the online bidding platform CIVICSOURCE.COM.

57. No provisions of the Rhode Island General Laws authorizes an internet sale, not held in public as required by law.

58. The Rhode Island General Laws do not authorize the City Collector to delegate the responsibility for conducting an auction to a third party with an online platform for bidding.

59. This private entity, Archon, through its online platform will conduct an online auction privately and without any ability for public presence.

60. The only persons with access to the bidding process will be investors, who seek to bid at the private online auction on this company's online platform.

61. This private platform, which is closed to the public, does not provide for any visual oversight or any oversight at the City Council Chambers or in any manner.

62. This private sale in contravention of the Rhode Island General Laws allows a private entity without any oversight to sell property of the Plaintiffs and affected taxpayers, silently and unobserved by the public.

63. The City Council of Providence recognized that a tax sale at this time would be detrimental to Providence taxpayers, when on April 2, 2020, it approved a resolution, attached as Exhibit E, in which it urged the State of Rhode Island to mandate that all tax sale proceedings authorized by Rhode Island General Law § 44-9 et seq. be suspended until no earlier than July 15, 2020.

64. As alleged in this Complaint, the Plaintiffs and all affected taxpayers have been damaged by the actions of the City and the City Collector.

65. Class Plaintiffs and the Class as taxpayers and property owners have a property interest which will be taken without due process of law by the online tax sale in contravention of the Rhode Island General Laws.

66. The Defendants have improperly attempted to authorize a private entity to

conduct a computerized private tax sale without any Rhode Island statutory authority for such authorization.

67. As alleged in this complaint, the Rhode Island General Laws do not provide for a Private online tax sale, which takes property from the Plaintiffs and the Class.

68. The Notices provided to the Taxpayers and Class by mail indicated that a public auction would occur in the City Council Chambers on May 14, 2020.

69. The April 23, 2020 advertisement in the Providence Journal was not consistent with the Notice mailed to the Plaintiffs and Class in that it did not indicate that there would be a public auction in the City Council Chambers.

70. The existence of the Coronavirus pandemic does not permit the City of Providence to sell the property of the Plaintiffs and the Class without complying with the due process of law set forth in the statutory scheme of the Rhode Island General Laws.

71. The actions of the Defendants are contrary to law and contrary to due process of law and will result in the Plaintiffs and Class being deprived of property by a private process not permitted by State law without due process of law.

72. The Plaintiffs and Class have incurred and will incur economic damages attributable to the scheduling of a private and secret online tax sale in contravention of the statutory authority of the City and City Collector in violation of due process of law necessary before selling the Plaintiffs' and Class' property for taxes.

73. Class Plaintiffs and the Class are entitled to legal and equitable relief, including damages, interest, costs and attorneys' fees and/or other relief as deemed appropriate.

74. The actions of the Defendants are contrary to law and contrary to due process of

law and will result in the Class Plaintiffs and Class being deprived of property by a private process not permitted by State law without due process of law.

75. The advertising for the purported tax sale did not comport with the notice given to the Class Plaintiffs and Class and the statutory requirements.

76. The Rhode Island General law specifically require particular notices prior to a Tax Sale by which the City can conduct a sale and sell the property of Class Plaintiffs and the property owned by each member of the Class.

77. Pursuant to R.I.G.L § 44-9-10, the sale notice, by mail and by advertising, must provide the following information:

> Before the sale, the collector **shall give notice of the time and place of sale** posted in two (2) or more public places in the city or town at least three (3) weeks before the time of the sale. The collector shall also cause to be published in some public newspaper published in the city or town, if there is one, and if there is no public newspaper published in the city or town, then in some public newspaper published in the county**, a statement concerning the time and place of sale**, the real estate liable for payment of taxes, and the name of the person against whom the real estate was assessed, with a list of the parcel or parcels to be offered for sale by the recorded plat and lot number, or by assessors' plat and lot number, or by other adequate description. The newspaper notice giving this full description shall be inserted, once, at least three (3) weeks prior to the date of the advertised sale, and thereafter a weekly formal legal notice, between the date of original advertisement and the time of sale specified in the notice, shall be inserted, stating that **the collector will sell at public auction** the real estate advertised. The subsequent formal legal notice shall include reference to the original advertisement, which gave a full description. Whenever an advertised tax sale is continued or postponed, a formal legal notice giving the new date shall be inserted at least one week prior to the new date. Any notice of sale shall inform any party entitled to notice of its right of redemption and shall explain to such party the manner in which said right shall be exercised and inform said party of the penalties and forfeiture that may occur if the right of redemption is not exercised. (emphasis added).

78. This statute specifically requires the actual **place of the public sale** to be provided in the advertisement and in the Notice to the Taxpayer. This statute thus sets forth the constitutionally required notice provisions for the Tax Collector to sell the property.

79. R.I.G.L. §44-9-8 makes it clear that the sale for unpaid taxes can only occur at the time and place appointed for the sale:

> If the taxes are not paid, the collector shall, **at the time and place appointed for the sale, sell by public auction** for the amount of the taxes, assessments, rates, liens, interest, and necessary intervening charges, the smallest undivided part of the land which will bring the amount, but not less than one percent (1%), or the whole for the amount if no person offers to take an undivided part. (emphasis added).

80. R.I.G.L. § 44-9-7 clearly mandates that the sale may occur only in the manner directed:

> The collector may advertise and take, or sell any real estate liable for taxes **in the manner directed.** (emphasis added)

81. Contrary to statutory provisions, the City and City Collector did not indicate in the April 23, 2020 advertisement that the collector shall at the time and place appointed for the sale by public auction the properties for which taxes were delinquent.

82. As a result of this failure to comply with the statutory scheme for a tax sale contained in R.I.G.L § 44-9-1 to § 44-9-56, The City of Providence and the Providence Tax Collector cannot conduct a tax sale on the property owned by the Plaintiffs or the Class.

83. The Rhode Island General Assembly did not enable the City of Providence and

the Providence Tax Collector to allow a private entity to conduct a private sale online without any public scrutiny or oversight and without allowing the taxpayers to be present and to observe the proceedings.

84. Archon does not possess the statutory authority to conduct any type of private tax sale online.

85. The constitutional rights of the Plaintiffs and the Class will be impacted if the purported tax sale is allowed to proceed and their property is sold for the amount of the taxes.

86. With the Providence City Hall closed, the Plaintiffs and Class cannot pay taxes in the normal course of business by traveling to the City Hall to make a payment up to the time of the tax sale.

87. Their property will be sold without statutory authority if this private online sale by a third party is allowed to proceed.

88. Plaintiffs and the Class will be irreparably harmed if the private tax sale on May 14, 2020 by Archon on behalf of the City of Providence and the Providence Collector proceeds and their properties are sold for the nominal amount of the taxes due.

89. Plaintiffs and the Class have a substantial likelihood of success in the pending action, would otherwise suffer irreparable harm and can claim the greater hardship in the absence of an order, which will not disserve the public interest if imposed.

90. The failure of the Defendants to comply with the statutory requirements of the

Rhode Island tax sale statute renders void any attempt to commence the sale.

91.     This demonstrates that Plaintiffs and Class have a substantial likelihood of success.

92.     Likewise a foreclosure of the Plaintiffs' and Class' property by a party not entitled to conduct a private sale online on behalf of the City and City Collector will cause Plaintiffs and Class members irreparable harm, which hardship is greater than any hardship, which may be claimed by defendants.

93.     Such relief sought by Plaintiffs and the Class will not disserve the public interest if imposed.

94.     The City and City Collector have the statutory right to adjourn the sale to a later date by readvertising the sale in compliance with the provisions of the Rhode Island General Laws with an advertisement in conformity with the statutory authority provided to the City and the Notices which were sent to the Plaintiffs and the Class.

95.     The affidavit of Shawn Tran is incorporated by reference to this Motion.

Wherefore, Class Plaintiffs on behalf of Plaintiffs and the Class move this Court as follows:

1. That this Court issue a Temporary Restraining Order and a Preliminary Injunction enjoining Defendants City of Providence, City Collector John Murphy and Archon Information Systems, LLC from conducting a private online tax sale on May 14, 2020 or at any other time.

2. An award of reasonable attorneys' fees and costs pursuant to 42 U.S.C. §1988 and an award of reasonable attorneys' fees and costs for bring this action.

3. All other just and proper relief.

**SHAWN TRAN**                                                            **May 12, 2020**
**HELEN TRAN**
**LUIS CASTILLO**
**INDIVIDUALLY AND ON BEHALF OF ALL**
**OTHER SIMILARLY SITUTATED PERSONS**

 By their attorney,
/s/ John B. Ennis

JOHN B. ENNIS, ESQ. # 2135
1200 Reservoir Avenue
Cranston, RI 02920
(401)9343-9230
Jbelaw75@gmail.com